THE HACKENSACK TRUST COMPANY, N. A., PLAINTIFF-
RESPONDENT, v. SEVERIO ALVAREZ AND VICTORIA
ALVAREZ, TRADING AS GREENWOOD SHELL AUTO
CENTER, DEFENDANTS-APPELLANTS.

SEVERIO ALVAREZ AND VICTORIA ALVAREZ, TRADING
AS GREENWOOD AUTO CENTER, PLAINTIFFS-APPEL-
LANTS, v. RUDOLPH CHAPOLA AND THE HACKEN-
SACK TRUST COMPANY, A CORPORATE ENTITY, DE-
FENDANTS-RESPONDENTS.

Argued November 6, 1974—Decided December 18, 1974.

*Mr. Severio Alvarez* argued the cause *pro se* for appellants.

*Mr. Joseph R. Letcher* argued the cause for The Hackensack Trust Company, N. A., now known as Garden State Bank.

PER CURIAM. Certification was granted by this Court, 65 *N. J.* 576 (1974), to review appellants' *pro se* contention of an injustice in the entry of judgment in favor of plaintiff-bank and against appellants for $2816.30 and interest. The judgment was bottomed on appellants' refusal to deliver possession of a motor vehicle to plaintiff-bank upon demand made.

We conclude, as did the trial court and the Appellate Division, that the bank's perfected security interest in an automobile, purchase of which it had financed, was superior to appellants' claim of a lien based on subsequent repairs made to the car and that upon default in the finance payments, the bank was entitled to possession of the vehicle as against appellants who had insisted on payment of their repair bill as a condition to releasing the car to the bank. See, *Ferrante v. Foley*, 49 *N. J.* 432, 438 (1967).

The damages awarded the bank, representing the then market value of the car, less credits, are supported by credible evidence. It was undisputed that the condition of the vehicle while in appellants' possession deteriorated to a point where it had only nominal value.

Affirmed.

*For affirmance*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN and CLIFFORD, and Judge CONFORD—6.

*For reversal*—None.